SAMUEL ROPER, BY HIS NEXT FRIEND, ET AL., RESPOND-
ENTS, v. COMMERCIAL FIBRE COMPANY OF AMERICA,
INCORPORATED, APPELLANT.

Submitted May 12, 1928—Decided November 30, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Stein, McGlynn & Hannoch* (*Norman B. Grobert,* on the brief).

For the respondents, *Irving L. Werksman.*

The opinion of the court was delivered by

TRENCHARD, J. This is defendant's appeal from a judgment in favor of the plaintiff below entered in the Passaic District Court in the suit of an infant, by his next friend, to recover damages for an injury to the infant resulting from contact with hot ashes on the premises of the defendant.

The only questions argued are the refusal of the judge to nonsuit and to direct a verdict for the defendant. We think that neither motion could have been granted legally.

We think that plaintiff's testimony permitted of the inference of the following matters of fact: That the defendant company had placed at its gate a sign bearing the legend "ashes and boxes given away;" that pursuant to such information many persons, for months prior to the plaintiff's injury, went on the premises of the defendant through that gate and were handed boxes by defendant's employes, and carried them away; that the plaintiff child (six years of age)

was one of the persons who went there after boxes; that upon the occasion of the injury the child went on the premises and stepped into a pile of hot ashes which the defendant company had dumped quite near or adjacent to the passageway leading from the gate to where the people went to get the boxes and ashes, and so sustained injuries for which this suit was brought. Of course the fact that defendant's testimony was in conflict with that of the plaintiff is of no moment on the question of the propriety of a nonsuit or a direction of a verdict.

Under the testimony it was obviously legally possible to find, as the trial judge sitting without a jury did find, that plaintiff was an invitee and that the defendant failed in its duty to exercise reasonable care for his safety. The principle which controls the decision of this case is stated by Mr. Justice Depue in *Phillips* v. *Library*, 55 *N. J. L.* 307, and it is this:

"The owner or occupier of land, who, by invitation, express or implied, induces persons to come upon the premises, is under a duty to exercise ordinary care to render the premises reasonably safe for such purposes."

The judgment will be affirmed, with costs.